UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEVIN M. MORNEAULT,

   Plaintiff

v.

RENEAU J. LONGORIA,

SELECT PORTFOLIO SERVICING, INC.,

and

NEWREZ, LLC,

   Defendants

Case No. 1:25-cv-00322-LEW

**OBJECTION OF PLAINTIFF TO PROPOSED SCHEDULING ORDER**

    The parties have conferred as required by the first paragraph of the Scheduling Order (ECF 21) and have focused upon two issues raised by the proposed scheduling order:

1. The parties noted that Defendants filed a motion to stay the case (ECF 8), as to which opposition (ECF 11) and a reply have been filed (ECF 12), but as to which no order has issued. The order which will be issued could affect deadlines stated in the proposed scheduling order.

2. Plaintiff objects to the limits stated in the proposed scheduling order for requests for admissions, requests for production of documents, and interrogatories.

 A decision by the court on the pending motion to stay will resolve the question of whether deadlines for litigating this case should be established at this time by a scheduling order. Plaintiff states below his "detailed explanation of the reasons for [his] requested alteration of [the proposed] Order" regarding its stated limits on discovery requests.

1

In a 7-count complaint containing 84 precisely stated fact allegations, Plaintiff has asserted causes of action against the three defendants for their alleged violations of the Federal and Maine Fair Debt Collection Practices Acts and against the 2 mortgage servicer defendants for their violations of the Maine mortgage servicer duty of good faith statute, 14 M.R.S. § 6113. The attorney defendant representing herself, and the mortgage servicer defendants represented by the attorney defendant, have each filed lengthy and verbose answers to Plaintiff's complaint asserting in numerous responses (1) that the complaint asserts conclusions of law to which no responses are required[1], or (2) that the complaint "refers to contents of a written instrument, which speaks for itself,"[2] or (3) asserting legal arguments[3], (4) even asserting court case citations to support arguments against the complaint allegations, [4] and (5) often asserting extraneous fact allegations.[5] In many instances, these individual responses do not even meet the allegation of the paragraph of the complaint being responded to.[6]

Plaintiff's determination is that it will not be an efficient use of his legal resources, and will be a burden on the court, to for him directly litigate the issues regarding these three answers to the complaint, but will be more efficient for him and the court to instead attempt to establish the facts not properly responded to in the answers to the complaint by the filing of detailed requests for admissions, interrogatories and requests for production of documents. Because these defendants refuse to admit even the most basic facts, such as the fact that they are debt

---

[1] See for example Longoria answer paragraphs 11, 30, 34, 38, 41, 45, 47, 48, 51, 53, 67-69, 72, 74.
[2] See for example Longoria answer paragraphs 19, 22, 24-29, 31, 32, 34-37, 42, 70.
[3] See for example Longoria answer paragraphs 2, 30, 47, 48, 53.
[4] See for example Longoria answer paragraph 44.
[5] See for example Longoria answer paragraphs 8, 46.
[6] See for example Complaint paragraphs 11, 24-27, 29, 31, 35, 37, 70, 74 and Longoria answer paragraphs 11, 24-27, 29, 31, 35, 37, 70, 74.

collectors,[7] the number of required discovery requests to be directed to each of the three defendants will be substantially greater than number of "per side" requests allowed by the proposed order. In addition, each defendant has asserted 16 affirmative defenses[8] which will also add to the number of discovery requests required by Plaintiff.

    Plaintiff requests that an amended scheduling order be issued allowing Plaintiff to serve 75 requests for admission, 45 interrogatories and 6 sets of requests for production of documents. Plaintiff does not seek any increase in the number of allowed depositions. Plaintiff asserts that allowance of these increased discovery request limits will be likely to substantially narrow the fact issues of this matter and once properly responded to, will facilitate the likely filing by Plaintiff of a motion for summary judgment.

DATED: September 19, 2025

/s/ Thomas A. Cox
Thomas A. Cox, Esq. Me. Bar No. 1248
*Attorney for Plaintiff, Kevin M. Morneault*

P.O. Box 1083
Yarmouth, ME 04096
(207) 749-6671
tacsail@icloud.com

---

[7] See the answer of Longoria at paragraph 45, the answer of NewRez at paragraph 72 and the answer of Select Portfolio Servicing at paragraph 41.

[8] Some of these "affirmative defenses" are mystifying. For example, even though the three defendants each executed a Waiver of the Service of Summons (ECF 5, 6 and 7), they each assert the affirmative defense that "[t]he claims of the Plaintiff are barred by improper service."