UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Kevin M. Morneault<br><br>**Plaintiff**<br><br>vs.<br><br>Reneau J. Longoria,<br>Select Portfolio Servicing, Inc., and<br>NewRez, LLC<br><br><br>**Defendant** | CIVIL ACTION NO: 1:25-cv-00322-LEW<br><br><br><br>DEFENDANTS' RESPONSE TO OBJECTION OF PLAINTIFF TO PROPOSED SCHEDULING ORDER |

NOW COMES the Defendant, Reneau J. Longoria, (hereinafter "Defendant" or "Longoria"), NewRez, LLC's (hereinafter "Defendant" or "NewRez"), Defendant, Select Portfolio Servicing, Inc.'s (hereinafter "Defendant" or "SPS"), by and through undersigned counsel, and files this Response to Objection to the Scheduling Order, [ECF 22] and Request for Scheduling Conference [ECF 24] pursuant to Local Rule 16.2(d).

Defendants concur with Plaintiff that the Court's ruling on the pending Motion to Stay would assist the Parties. The outcome of that motion will impact whether, when, and to what extent discovery and other pretrial deadlines should proceed. In light of the overlap between this case and the court action (1:24-cv-00416-LEW), ("Foreclosure Case"), the Defendants maintain that the factual and legal issues in the Foreclosure case must be resolved prior to determining if bringing that action was an error, and if an error, whether any error falls under the Bona Fide Error ("BFE") exception. *Shapiro v. Haenn*, 222 F.Supp. 2d 29 (D.Me. 2002). In a similar case brought under both federal and state statutes, quoting *Shapiro,* the U.S. District Court for the District of New Jersey found the lack of success in the underlying foreclosure fatal to the mortgagor's claims. *Zebrowski v. Wells Fargo Bank N.A.*, 657 F.Supp.2d 511, 518-519 (D.NJ 2009); *see also Harry v. Owen*, 2018 WL 3946464, *5-6 (D. Mass 2018), aff. by 2019 WL 10982436 (1st. Cir. 2019), cert. denied, 140 S.Ct.

2019).  This District has previously endorsed a methodical approach to similar allegations in a matter advanced by Plaintiff's Counsel against the undersigned in *In re Vincent*, 2021 WL 3161547, *4 (D.Me 2021)(In staying the Action which included FDCPA and related claims the Court held "[t]he Court appreciates Ms. Vincent's concerns regarding judicial economy, but the Court believes it is better to proceed carefully to get the right answer.")

The Defendants consent to Morneault's request for a scheduling conference in ECF 24.  The undersigned requests that same be scheduled on or after October 6, 2025, as the undersigned is out of state on business the week of September 29, 2025.

With respect to Plaintiff's requests for significant expansion of discovery limits, including 75 requests for admission, 45 interrogatories, and 6 sets of production requests per Defendant, the Defendants submit that entitlement to such extensive discovery largely depends on the ultimate merits of the parallel litigation and is premature at this time. As the claims in this case may be affected, or even foreclosed, by rulings in the Foreclosure Case, the Defendants submit that the discovery requests are premature.

Accordingly, Defendants respectfully request that the Court defer any proposed scheduling order changes until ruling on the Motion to Stay and that a 16.2(d) conference be scheduled for any oral argument on the pending motions as well as discussion of discovery requests.

                                                         Respectfully submitted,

Dated: September 25, 2025                            /s/Reneau J. Longoria, Esq.
                                                               Reneau J. Longoria, Esq. Bar No. 005746
                                                               Attorney for Defendants
                                                               Doonan, Graves & Longoria, LLC
                                                               100 Cummings Center, Suite 303C
                                                               Beverly, MA 01915
                                                               (978) 921-2670
                                                               RJL@dgandl.com

## CERTIFICATE OF SERVICE

      I, Reneau J. Longoria, Esq. hereby certify that on September 25, 2025, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

Thomas A. Cox
P.O. Box 1083
Yarmouth, ME 04096

      /s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Defendants
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com