**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **Kevin M. Morneault** | **CIVIL ACTION NO: 1:25-cv-00322-LEW** |
| **Plaintiff** | |
| | **DEFENDANT RENEAU J. LONGORIA'S MOTION FOR LEAVE TO FILE AMENDED ANSWER** |
| **vs.** | |
| **Reneau J. Longoria, Select Portfolio Servicing, Inc., and NewRez, LLC** | |
| **Defendants** | |

NOW COMES Defendant Reneau J. Longoria, by undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2) and D. Me. Local Rule 7, respectfully moves for leave of Court to file an amended answer to Plaintiff's complaint. In support thereof, Defendant states:

1. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts typically grant relief under Rule 15(a) liberally, favoring amendments unless there is undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice to the opposing party. *See Tiernan v. Barresi*, 944 F.Supp.35, 38 (D.Mass. 1996).

2. District of Maine Local Rule 7 applies to all motions and requires this motion to be filed in writing, stating the grounds with particularity. Defendant further certifies that a good faith effort was made to confer with opposing counsel regarding this amendment request as required by Local Rule 7.1.

3. In her original answer, Defendant asserted a counterclaim under Rule 11 of the Federal Rules of Civil Procedure. In light of the arguments raised in Plaintiff's Motion to Dismiss,

and in the interest of judicial efficiency, Defendant's proposed amended answer will omit the Rule 11 counterclaim, without prejudice to Defendant's right to seek sanctions under Rule 11 through the appropriate procedures applicable thereto.

4. In response to Plaintiff's objection concerning the scope of discovery and the multitude of requests resulting from the original answer, Defendant respectfully submits that the form of Plaintiff's complaint, which frequently combines multiple factual allegations in single paragraphs, necessitates careful paragraph-by-paragraph responses as required by Fed. R. Civ. P. 8(b). Defendant cannot admit entire paragraphs containing several distinct allegations without risking waiver, confusion, or misrepresentation of her position. The amended answer will specifically admit or deny each allegation individually to clarify the record and promote a fair resolution.

5. The proposed Amended Answer also further clarifies relevant Affirmative Defenses.

6. No undue delay, bad faith, or prejudice is present. The proposed amendment is timely, is well in advance of the scheduled Conference on October 7, 2025, may resolve the pending Motion to Dismiss, does not expand the issues, and will clarify admissions/denials.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant leave to file the attached Amended Answer, removing the counterclaim, adding affirmative defenses and providing specific admissions/denials to the allegations in conformity with Rule 8 and the interests of judicial efficiency.


DATED: September 29, 2025

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Defendant Reneau J. Longoria
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 29th day of September, 2025 I served

a copy of the above document by electronic notification using the CM/ECF system and/or First

Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Defendants
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

**SERVICE LIST**

Thomas A. Cox
P.O. Box 1083
Yarmouth, ME 04096