UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KEVIN M. MORNEAULT,        )<br>                                                  )<br>         Plaintiff,               )<br>    v.                              )       No. 1:25-cv-00322-LEW<br>                                                  )<br>RENEAU J. LONGORIA, SELECT  )<br>PORTFOLIO SERVICING, INC., and )<br>NEWREZ, LLC,                    )<br>                                                  )<br>         Defendants.            ) | |

## ORDER ON DEFENDANTS' MOTION TO STAY

Plaintiff Kevin M. Morneault filed this lawsuit asserting claims under the Maine Fair Debt Collection Practices Act and the Federal Debt Collection Practices Act against Defendants Reneau J. Longoria, Select Portfolio Servicing, Inc. ("SPS"), and NewRez, LLC ("NewRez"). Before the Court is Defendants' Motion to Stay Proceedings (ECF No. 8).

### BACKGROUND

The following facts are drawn from the Complaint (ECF No. 1) and the parties' filings (ECF Nos. 8, 11, and 12). Plaintiff Morneault alleges that he is the owner of a property in Bangor, Maine, which was the subject of a foreclosure action commenced in 2012. Compl. ¶ 8. In 2014, Morneault appealed the foreclosure judgment to the Law Court, which ruled in his favor. Compl. ¶¶ 23, 24.

1

In 2021, the mortgage was assigned to DLJ Mortgage Capital, Inc. ("DLJ").[1] Compl. ¶ 29. In August 2024, Defendant Longoria, an attorney, sent Plaintiff a "Notice of Mortgagor's Right to Cure" on behalf of her clients DLJ and Defendant Select Portfolio Servicing, Inc. ("SPS"), DLJ's mortgage servicer, stating that Plaintiff's loan was in default for failure to make payments. Compl. ¶¶ 34-36. On December 4, 2024, Defendant Longoria, on behalf of DLJ and Defendant SPS, filed a complaint against Morneault in the U.S. District Court for the District of Maine seeking a judgment of foreclosure.[2] Compl. ¶ 37; *1900 Capital Trust II v. Morneault*, No. 1:24-cv-00416 (ECF No. 1-3). Defendants argue that this action was permitted (despite the 2014 entry of judgment in favor of Morneault) under later-decided Law Court decisions that "brought significant change to this area of Maine law"—change which, Defendants argue, made the loan enforceable. Mot. at 2, 4.

In June 2025, Morneault filed the instant action against Defendants Longoria, SPS, and NewRez, LLC ("NewRez"), a mortgage servicer. In his Complaint (ECF No. 1), Morneault alleges seven counts of violations of the Maine Fair Debt Collection Practices Act (MFDCPA), *see* 32 M.R.S. §§ 11001-11054, the Federal Debt Collection Practices Act (FDCPA), *see* 15 U.S.C. §§ 1692-1692p, and other provisions of Maine law regulating mortgages and foreclosure actions, *see* 14 M.R.S. § 6113:

---

[1] DLJ then reassigned it to 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Certificate Trustee (the "Trust") in March 2025. Compl. ¶ 32.

[2] On April 24, 2025, DLJ filed a motion to substitute the Trust as party plaintiff in that action, which was granted. *See 1900 Capital Trust II v. Morneault*, No. 1:24-cv-00416 (ECF Nos. 19, 24).

- In Count I, Morneault alleges that Defendants Longoria and SPS violated 32 M.R.S. §§ 11013(7) and (8) by commencing a debt collection action more than six years after the consumer's last activity on the debt. Compl. ¶ 47.

- In Counts II and IV, Morneault alleges that Defendants Longoria and SPS violated 32 M.R.S. § 11013(2) and 15 U.S.C. § 1692e(2) by making false representations in the default letter, specifically: (1) that the sending of the letter "is authorized under the Law Court decisions of *Finch v. U.S. Bank*, 2024 ME 2 (Me[.] 2024) and [*J.*]*P. Morgan v. Moulton*, 20[2]4 ME 13 (Revised March 19, 2024[)] (Me.[]2024)," and (2) that, as of the date of the letter, an amount remained due on the loan and would continue to accrue. Compl. ¶¶ 52-54.

- In Count III, Morneault alleges that Defendant SPS violated 14 M.R.S. § 6113 because the conduct described in Counts I and II also amounts to breach of a mortgage servicer's duty of good faith under Maine law. Compl. ¶ 59.

- In Counts V and VII, Morneault alleges that Defendants NewRez and Longoria violated 32 M.R.S. § 11013(2) and 15 U.S.C. § 1692e(2) by including false statements as to the legal status of the debt and the amounts owed on it in the Amended Complaint they filed in the foreclosure action. Compl. ¶ 75.

- In Count VI, Morneault alleges that Defendant NewRez violated 14 M.R.S. § 6113 because the conduct described in Count V also amounts to breach of a mortgage servicer's duty of good faith under Maine law. Compl. ¶ 80.

On July 11, 2025, Defendants filed a Motion seeking to stay this case pending final resolution of the foreclosure action (ECF No. 8).

## DISCUSSION

The imposition of a stay of proceedings is a discretionary exercise of the court's "inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *City of Bangor v. Citizens Comm. Co.*, 532 F.3d 70, 99 (1st Cir. 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A stay is an intrusion into the ordinary process of administration of judicial review," *Does 1-6 v. Mills*, No. 1:21-cv-00242, 2022 WL 43893, at *1 (D. Me. Jan. 4,

3

2022) (internal quotations omitted), and therefore not to be "cavalierly dispensed." *Id.* (quoting *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992)). In deciding whether to issue a stay, a court should consider whether there is good cause to stay proceedings, whether the stay would be reasonable in duration, and that competing equities have been weighed and balanced. *Id.* "The party seeking the stay bears the burden of establishing its need." *Id.* (internal quotation omitted).

In their Motion to Stay, Defendants argue that if the plaintiff in the foreclosure action succeeds, that would "necessarily resolve or moot many, if not all of the factual and legal questions raised in the second-filed action which essentially challenges the pending foreclosure."[3] Mot. at 4. In opposition, Morneault argues that the outcome of the foreclosure action has no bearing on the MFDCPA's six-year statute of limitations, which "operates against debt collectors without regard to the rights of the debt owners to enforce their debt claims." Response at 3 (ECF No. 11). I am not persuaded at present that the success of the foreclosure action would unequivocally resolve or moot Plaintiff's claims under the MFDCPA and FDCPA, to the extent that these claims are grounded in Plaintiff's characterization of the MFDCPA's statute of limitations. That is not a preview of my assessment of the likely merits of the claims asserted, only that a stay pending the eventual outcome of the foreclosure matter would have next to no dispositive utility. As a result, I

---

[3] Defendants also argue that a stay would avoid duplicative discovery (Mot. at 4) but have not provided further elaboration on this point in their opening brief or reply. And Plaintiff has suggested that, because "few facts are in dispute" in the foreclosure action, any discovery here would not be duplicative. Response at 3-4.

am not inclined to let this case languish on the docket awaiting the foreclosure action's conclusion.

I understand that the status of the underlying mortgage following *Finch v. U.S. Bank*, 307 A.3d 103 (Me. 2017) and *J.P. Morgan Mortgage Acquisition Corp. v. Moulton*, 314 A.3d 134 (Me. 2024) may be relevant to defenses Defendant seeks to raise here (*see* Mot. at 3-4, Reply at 3-5 (ECF No. 12)) and will also be litigated in the foreclosure action. Concerns that this situation would normally pose—namely, the risk of inconsistent decisions in related cases—are mitigated by the fact that the foreclosure action is also before me. While judgment for the plaintiff in the foreclosure action could bolster Defendants' arguments that the mortgage is enforceable under *Finch* and *Moulton* and they initiated the foreclosure proceeding in good faith, the lack of that judgment does not make those arguments unavailable to them. The other defenses Defendants point to as good cause for a stay have nothing to do with the merits of the foreclosure action. *See* Mot. at 4; Reply at 5 (arguing that Defendants cannot be held liable because they "disclosed action on behalf of their principals" and that Defendant Longoria cannot be held liable "for actions taken within the scope of representing her clients before and during litigation."). Defendants' belief that their liability is precluded on these grounds is not reason to grant a stay that awaits the determination of unrelated issues in the foreclosure action.

Finally, Defendants point to "the expense, threats, personal exposure, and pressure" resulting from this action, as well Plaintiff's stated hope that "resolving early the liability of these Defendants in this action" would "possibly lead to their decision to discontinue the Foreclosure Action." Reply at 7 (quoting Response at 5). Ultimately, these concerns

do not outweigh "the public's interest in the speedy and just determination of civil proceedings." *Does 1-6* at *3. The expense of litigation is not an inequity that requires staying proceedings. *Id.*; *see also Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506, 2020 WL 3440886, at *4 (D. Mass. June 23, 2020). Although the notion that this case is part of a pressure campaign designed to influence the outcome of another action is potentially concerning, if the MFDCPA and FDCPA afford Plaintiff a good faith cause of action to challenge the collection of this debt, he has the right to bring his claim to court and to its efficient adjudication. The fortuity that such a right may also act as leverage for Defendants to abandon the foreclosure action is a potential advantage for Plaintiff, the type of which is commonplace on the civil docket of this court. However, because I do not conclude here that Plaintiff is engaged in bare saber rattling, pressing into action a specious claim for the bank shot effect of disrupting the foreclosure case, his case will go on uninterrupted.

## CONCLUSION

Defendants' Motion to Stay (ECF No. 8) is DENIED.

SO ORDERED.

Dated this 6th day of October, 2025.

/s/ Lance E. Walker<br>
Chief U.S. District Judge